UNITED STATES DISTRICT COURT

Northern District of California

CHERIE A. EDWARDS,

        Plaintiff,

  v.

ROBERT A. ZIGLER, *et al.*,

        Defendants.

_____/

No. C 09-03248 MEJ

**ORDER RE MOTION TO DISMISS**
[Dkt. #23]

    Pending before the Court is Defendants Robert A. Zigler, Robin Jordan, and Dani Walthall's Motion to Dismiss First Amended Complaint (Dkt. #23). Plaintiff Cherie Ann Edwards has filed an Opposition (Dkt. #28), to which Defendants filed a Reply (Dkt. #30).[1] Because the Court finds this matter suitable for disposition without hearing, the Court **VACATES** oral argument set for October 22, 2009. *See* N.D. Cal. Civ. L.R. 7-1(b). After consideration of the parties' briefs, legal authorities, and supporting materials, the Court **GRANTS** Defendants' Motion.

### I. BACKGROUND

    This lawsuit stems from a 2008 quiet title action that Defendant Walthall filed against Plaintiff in Humbuldt County Superior Court.[2] In that matter, Defendant Walthall alleged that in

---

[1] Defendants previously moved to dismiss Plaintiff's original Complaint on August 10, 2009. (Dkt. #9). In response to Defendants' motion, Plaintiff filed her First Amended Complaint. Consequently, the Court denied Defendants' motion to dismiss as moot (Dkt. #18). Because Plaintiff's First Amended Complaint did not change materially from her original Complaint, Defendants incorporate by reference the arguments, requests for judicial notice (Dkt. #11), and exhibits (Dkt. ##12, 13), submitted with their initial motion into their pending Motion to Dismiss.

[2] Defendants have also filed a Request for Judicial Notice in support of the instant Motion to Dismiss. (Dkt. #11.) To the extent that Defendants request that the Court take notice of judicial documents and matters of public record, the Court **GRANTS** Defendants' Request.

1995, she granted Plaintiff - her neighbor - consent to install a water pipeline and to take water from her property. (RJN, Ex. A, ¶5.) Defendant Walthall alleged that Plaintiff, without her permission, leveled a portion of Defendant Walthall's land and installed a water take on her property. (*Id*. ¶6.) In response, Defendant Walthall withdrew her consent to withdraw water from her property and demanded that Plaintiff remove the water tank. (*Id*. ¶10.) The quiet title action followed. Thereafter, Plaintiff filed a cross-complaint against Defendants Walthall and Zigler. (RJN, Ex. B.)

Subsequently, on March 31, 2009, Plaintiff filed an action in this Court against Defendants Walthall and Zigler and Defendant Walthall's property *in rem*.[3] (RJN, Ex. D.) Plaintiff alleged that Defendants' act of filing the state court quiet title action and related conduct were "false and malicious." (*Id*. ¶¶22, 24.) She asserted several state law claims against the defendants and a single federal claim against Defendant Zigler pursuant to 42 U.S.C. § 1983, alleging that he "acted under color of law to deprive [P]laintiff of certain constitutionally protected rights." (*Id*. ¶35.) On May 28, 2009, the Honorable Saundra Brown Armstrong granted Defendant Zigler's motion to dismiss the § 1983 claim and declined to exercise jurisdiction over Plaintiff's remaining state law claims, thereby terminating that action. (RJN, Ex. H.)

On June 9, 2009, Defendant Zigler filed a claim in the small claims division of the Humboldt County Superior Court against Plaintiff, alleging malicious prosecution and abuse of process based on the dismissal of Plaintiff's § 1983 claim in federal court. (FAC, Ex. A; RJN, Ex. I.) Plaintiff then filed a counterclaim. (RJN, Ex. J.)

Just over a month later, on July 16, 2009, Plaintiff filed the instant action. In her Complaint, Plaintiff contends that Defendants Zigler and Jordan are debt collectors who, between October 14, 2009 and July 18, 2009, attempted to collect a debt in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (FAC ¶9.)[4] Specifically, Plaintiff alleges that Defendant Zigler filed his lawsuit against her without first invoicing, demanding, or notifying her of his claim

---

[3]Case No. C 09-1400 SBA.

[4]Plaintiff alleges that Defendant Jordan is Defendant Zigler's agent (FAC ¶5).

2

for $7,500. (FAC ¶13.) She alleges that Defendants Zigler and Jordan filed perjured declarations in that matter, and that Defendant Jordan personally served her outside of a courtroom following a case management conference, which is a safe harbor. (FAC ¶11.) Plaintiff further alleges that Defendant Jordan used the U.S. mail in interstate commerce to send a proof of service in the small claims action. (FAC ¶14.) With respect to Defendant Walthall, Plaintiff alleges that Defendants Zigler is Defendant Walthall's agent (FAC ¶12).

Based on the foregoing allegations, Plaintiff asserts a federal claim against Defendants for violation of the FDCPA, and a state claim for violation of California Business and Professions Code § 17200. Defendant now move to dismiss Plaintiff's First Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Rule 8, which provides the standard for judging whether such a cognizable claim exists, requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a motion to dismiss, a complaint need not provide detailed factual allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

1  suffice." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity
2  and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.
3      In reviewing a motion to dismiss, the court may also consider documents attached to the
4  complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation
5  omitted). In addition, the court may consider a matter that is properly the subject of judicial notice,
6  such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)
7      If the court dismisses the complaint, it "should grant leave to amend even if no request to
8  amend the pleading was made, unless it determines that the pleading could not possibly be cured by
9  the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this
10 determination, the court should consider factors such as "the presence or absence of undue delay,
11 bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue
12 prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport*
13 *Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

### III. DISCUSSION

**A.  Jurisdiction**

Pursuant to 28 U.S.C. § 1331, the Court's jurisdiction over this matter is premised on Plaintiff's assertion of a claim arising under federal law, namely the FDCPA. Accordingly, the Court will evaluate Defendants' challenges to this claim first.

**B.  Fair Debt Collection Practices Act Claim**

In her FAC, Plaintiff asserts that "Defendants['] practice of filing a lawsuit without a demand and the right of a consumer to dispute the validity of the claim violates 15 U.S.C. 1692 *et seq*." (FAC ¶17.) Notably, Plaintiff does not specify under which section of the FDCPA she is asserting her claim. However, in her second cause of action for unfair business practices, which must be premised on a violation of another law, Plaintiff alleges that Defendants violated "15 U.S.C. § 1692(a)(b)(g), 'Validation of Debts' and 15 U.S.C. § 1692f[] 'Unfair Practices' (1)[], and 15 U.S.C. 1692(e) False and Misleading Representations (1)(2)(A)(B)(3)(5)(6)(A)(B)(7)(9)(10)(11)(13)(14)." (FAC ¶19.) Evaluating Plaintiff's allegations under each of these provisions, the Court agrees with

Defendants that Plaintiff has failed to state an actionable claim.

First, each of the provisions Plaintiff lists requires the existence of a "debt."[5] Pursuant to § 1692a(5), the term "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Reviewing Plaintiff's First Amended Complaint, Plaintiff bases her claim on the Defendant Zigler's demand for $7,500 in damages in his malicious prosecution action against her in state court. This amount is not an obligation that Plaintiff incurred in connection with a transaction in which the money was for personal, family, or household purposes. Thus, it does not meet the definition of a "debt" for purposes of the FDCPA. In her Opposition, Plaintiff fails to identify any other qualifying "debt" or proffer any explanation as to the existence of a debt to support her FDCPA claim. Consequently, the Court agrees with Defendants that Plaintiff has not alleged a "debt" as required for an actionable claim under the FDCPA. This deficiency is fatal to Plaintiff's claim.

Second, Plaintiff has not set forth any facts demonstrating that Defendants qualify as "debt collectors" under the FDCPA. Section 1692a(6) defines "debt collector" as follows:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. [ ]

---

[5]Section 1692e, captioned "False or misleading representations," provides: "A **debt collector** may not use any false, deceptive, or misleading representation or means in connection with the collection of any **debt**." (Emphasis added.) Section 1692f, entitled "Unfair practices," provides in relevant part: "A **debt collector** may not use unfair or unconscionable means to collect or attempt to collect any **debt**." Section 1692g, entitled "Validation of debts," requires that, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any **debt**, a **debt collector** shall . . . send the consumer a written communication" containing certain enumerated information.

5

15 U.S.C. § 1692a(6)

Here, Defendant Zigler's act of filing a malicious prosecution action against Plaintiff does not amount to use of interstate commerce of the mails as part of a business principally aimed at collecting debts. Nor has Plaintiff set forth any plausible allegations that Defendants Zigler, Jordan, or Walthall regularly collect or attempt to collect debts owed or due or asserted to due to another. The Court therefore agrees with Defendants that Plaintiff has not and cannot allege that Defendants are debt collectors under the FDCPA. This defect, too, is fatal to Plaintiff's claim.

Third, taking the entirety of Plaintiff's allegations into consideration, Plaintiff has failed to allege any conduct sufficient to maintain a claim under the FDCPA. As Defendants point out, Plaintiff is alleging that Defendant Zigler violated the FDCPA by filing a lawsuit against her wherein he seeks damages without first providing Plaintiff with a demand and an opportunity for her to dispute the validity of the claim. As to Defendant Jordan, Plaintiff is alleging that his acts of serving Plaintiff with documents filed in that action, and because she works for Defendant Zigler, she is also in violation of the FDCPA. With respect to Defendant Walthall, Plaintiff has simply alleged that Defendant Zigler is Defendant Walthall's agent and that Plaintiff and Defendant Walthall were involved in a dispute over water and property rights. Plaintiff has not cited any authority demonstrating that any of the foregoing conduct falls within the proscriptions of the FDCPA. Thus, even assuming the veracity of these allegations, they do not give rise to a facially-plausible claim for relief under the FDCPA.

In sum, the Court finds that Plaintiff has failed to plead an actionable claim against Defendants for violation of the Fair Debt Collection Practices Act, making dismissal of her claim pursuant to Rule 12(b)(6) appropriate.

**C.     California Unfair Business Practices Claim**

In her second claim for relief, Plaintiff asserts a claim for violation of California's Business and Professions Code section 17200 for unlawful and unfair business practices. Because the Court is dismissing Plaintiff's FDCPA claim, which confers jurisdiction in this matter, in the exercise of its discretion, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state

law claim.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Because it does not appear that Plaintiff can cure the deficiencies in her claim, the Court dismisses her First Amended Complaint **WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: October 22, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge